IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:05-CV-0529 SEB-VSS |
| AND AMANDA HEDRICK, | ) ) ) | |
| Intervenor, | ) ) | |
| v. | ) ) | |
| FIGGAZIGA, INC. d/b/a BROWN COUNTY IGA | ) ) ) | |
| Defendant. | ) ) | |

CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission") instituted Civil Action No. 1:05-CV-0529 SEB-VSS under the authority granted to it under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1). The Commission's action was brought to correct alleged unlawful employment practices on the basis of sex.

The Commission, Plaintiff-Intervenor Amanda Hedrick, and the Defendant Figgaziga, Inc., d/b/a Brown County IGA ("Brown County IGA"), hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

The Commission, Plaintiff-Intervenor Amanda Hedrick, and the Defendant have advised this Court that they desire to resolve Civil Action No. 1:05-CV-0529 SEB-VSS without the burden and expense of further litigation.

It is, therefore, the finding of this Court, based on the pleadings and the record as a whole that the applicable requirements of Title VII will be carried out by the implementation of this Decree, and this Decree resolves the issues raised by the Complaint of the Commission.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.  Defendant agrees that it will not discriminate against employees on the basis of sex and will maintain a work environment for all employees that is free from sexual harassment.

2.  Defendant agrees that there will be no discrimination or retaliation of any kind against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony, assistance, or participation in any manner in an investigation, proceeding or hearing under Title VII.

3.  Defendant agrees to post the Notice of Non-Discrimination Policy attached as Appendix A to this Decree in a conspicuous place on its premises. Said notice shall remain posted throughout the term of this Decree.

4.  Defendant agrees to pay Brittany Crider, or her heirs and assigns in the event of her death, $6,000 in damages. A check in that amount shall be made payable to Brittany Crider and sent to her by certified mail at 2909 Streamside Drive, Columbus, IN 47203.

Upon entry of this Decree, the Commission will forward a release (see Appendix B) to Brittany Crider for her execution. Crider shall have 45 days from the date of entry of this Consent Decree to sign and return the release to the Commission. If Crider fails to timely return the executed release in the form set forth in Appendix B, she shall waive any claim to relief under this Decree and shall be barred from pursuing any claim raised or which could have been raised in the Commission's Complaint. If the Commission is unable to obtain an executed

release from Crider (or her representative in the event of her death or incapacity) within the time period specified, Crider's share of damages shall be divided equally among the other class members who have returned executed releases.

The Commission will provide to counsel for Defendant a copy of the release executed by Brittany Crider upon receipt. Then, within fifteen (15) days, Defendant shall mail the check, by certified mail, to Crider. Defendant shall mail a copy of Crider's check and proof of its delivery to Crider (a signed certified mail receipt) to the Commission. Upon receipt of proof of delivery of the check to Crider, the Commission shall forward the release to counsel for Defendant.

5. Defendant agrees to pay Megan Lucas, or her heirs and assigns in the event of her death, $3,000 in damages. A check in that amount shall be made payable to Megan Lucas and sent to her by certified mail at 3390 Polecat Ridge Road, Nashville IN 47448.

Upon entry of this Decree, the Commission will forward a release (see Appendix B) to Megan Lucas for her execution. Lucas shall have 45 days from the date of entry of this Consent Decree to sign and return the release to the Commission. If Lucas fails to timely return the executed release in the form set forth in Appendix B, she shall waive any claim to relief under this Decree and shall be barred from pursuing any claim raised or which could have been raised in the Commission's Complaint. If the Commission is unable to obtain an executed release from Lucas (or her representative in the event of her death or incapacity) within the time period specified, Lucas's share of damages shall be divided equally among the other class members who have returned executed releases.

The Commission will provide to counsel for Defendant a copy of the release executed by Megan Lucas upon receipt. Then, within fifteen (15) days, Defendant shall mail the check, by

3

certified mail, to Lucas.  Defendant shall mail a copy of Lucas's check and proof of its delivery to Lucas (a signed certified mail receipt) to the Commission.  Upon receipt of proof of delivery of the check to Lucas, the Commission shall forward the release to counsel for Defendant.

6.      Defendant agrees to pay Aleana Adams, or her heirs and assigns in the event of her death, $2,000 in damages.  A check in that amount shall be made payable to Aleana Adams and sent to her by certified mail at 2288 Hornettown Rd., Morgantown, IN 46160 by April 1, 2006.

Upon entry of this Decree, the Commission will forward a release (see Appendix B) to Aleana Adams for her execution.  Adams shall have until March 15, 2006 to sign and return the release to the Commission.  If Adams fails to timely return the executed release in the form set forth in Appendix B, she shall waive any claim to relief under this Decree and shall be barred from pursuing any claim raised or which could have been raised in the Commission's Complaint.  If the Commission is unable to obtain an executed release from Adams (or her representative in the event of her death or incapacity) within the time period specified, Adams's share of damages shall be divided equally among the other class members who have returned executed releases.

The Commission will provide to counsel for Defendant a copy of the release executed by Aleana Adams by March 20, 2006.  Then, on or before April 1, 2006, Defendant shall mail the check, by certified mail, to Adams.  Defendant shall mail a copy of Adams's check and proof of its delivery to Adams (a signed certified mail receipt) to the Commission.  Upon receipt of proof of delivery of the check to Adams, the Commission shall forward the release to counsel for Defendant.

7.      Defendant agrees to pay the sum of $35,000 to Intervenor Amanda Hedrick, or

4

her heirs and assigns in the event of her death.  A check in the amount of $12,000 shall be made payable to Amanda Hedrick and sent to her via her attorney John Pierce on or before December 31, 2005.  A check in the amount of $12,000 shall be made payable to Amanda Hedrick and sent to her via her attorney John Pierce on or before February 15, 2006.  A check in the amount of $11,000 shall be made payable to Amanda Hedrick and sent to her via her attorney John Pierce on or before April 1, 2006.  Prior to being eligible to receive any of the above-stated payments, Amanda Hedrick shall execute a Release acknowledging her waiver of claims in exchange for the payment of $35,000.  The form of the Release is set forth in Appendix "B."

      8.      Within thirty (30) days of the date of entry of this Decree, Defendant agrees to submit to the EEOC its written EEO policy which prohibits harassment in the workplace and communicates procedures for reporting incidents of harassment that include several avenues for complaint, and which includes a telephone number an employee can call to lodge a complaint of harassment with the owner of Figgaziga, Inc.  The policy shall also include a statement that Figgaziga, Inc. will not retaliate in any way against persons who report harassment.  Defendant agrees that the policy will be included in an employees' manual or other printed memorandum which will be distributed to each employee.  Defendant agrees that the policy prohibiting harassment and procedures for reporting incidents of harassment will be explained to each employee at the time he or she receives the written copy of the policy.

      9.      Defendant agrees that it shall conduct training seminars for all employees, including all managers and supervisors, at the Brown County IGA facility regarding the policies prohibiting sex discrimination (including but not limited to sexual harassment) and retaliation in the handling of employee complaints of discrimination.  Said seminars must be conducted within

six (6) months from the date of entry of this Decree.  Thirty (30) days prior to the date of the seminar, the Defendant shall provide notice to the Commission regarding the date, time, and place of the seminar, and shall send to the Commission a copy of the seminar program and all written materials, if any, to be used at the seminar.  The Commission may provide reasonable input on the content of the program.

10. Defendant agrees to submit reports to the EEOC detailing its compliance with this decree.  Within sixty (60) days of the date of this Decree, Defendant will certify to the EEOC Regional Attorney that the distribution and explanation of the policy has been completed and provide EEOC with a copy of the personnel manual or memorandum containing the policy prohibiting sexual harassment.  Defendant further agrees to submit a report to the EEOC within thirty days of its completion of the training described in paragraph 8 above.  Said report shall include the date the training took place and a list of all those employees who attended the training.  In addition, two (2) annual reports shall be submitted during the term of this decree.  The reports shall be due on December 31, 2006 and December 31, 2007 or two years from the date of entry of this Decree.  The report shall include the following information for the Brown County IGA facility for the twelve (12) month period preceding the report:  a description of any and all verbal or written complaints of sexual harassment or sex discrimination received by the company or any of its managers or supervisors from any employee, the name and position of the complainant and the disposition of the complaint, including any discipline administered as a result of the complaint.  Reports shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

11. Defendant agrees that the EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect the premises, interview employees, examine and copy documents.

12. In the event that EEOC alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, EEOC will give notice in writing thereof, specifically identifying the alleged violation to Defendant. Defendant will have thirty (30) days in which to investigate and respond to the allegation. Thereafter, the parties will have a period of thirty (30) days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before Plaintiff exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years following the date of the entry of this decree.

14. The Commission, Intervenor, and Defendant will bear their own costs and attorney fees.

15. <u>RETENTION OF JURISDICTION BY COURT</u>   The Court will retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

12/22/2005
_____
Date

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

7

Copies to:

Johanna Philhower Maple, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN  46204
(317) 226-5601
FAX: (317) 226-5571
johanna.maple@eeoc.gov

Mark J. Romaniuk
Jeffrey S. Beck
BAKER & DANIELS
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
mark.romaniuk@bakerd.com
jeffrey.beck@bakerd.com

John Pierce
PIERCE PIERCE & STITES
217 West Ohio, Suite 1
P.O. Box 236
Rockville, IN 47872
attorneypierce1@yahoo.com

<u>APPENDIX A</u>

# EMPLOYEE NOTICE

**Posted Pursuant to an Agreement with the
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office**

<u>NOTICE OF NON-DISCRIMINATION POLICY</u>

This Notice is being distributed and posted by agreement between Figgaziga, Inc., d/b/a Brown County IGA ("Brown County IGA") and the United States Equal Employment Opportunity Commission (EEOC) in a case resulting from a charge alleging sexual harassment. Brown County IGA has a policy which prohibits sexual harassment in its workplace.

Federal law prohibits discrimination against any employee or job applicant because of the individual's sex, race, color, religion, national origin, disability or age.

Federal law also prohibits sexual harassment in the workplace. Sexual harassment in the workplace occurs when the employer allows its employees to be subjected to verbal or physical conduct of a sexual nature and this conduct interferes with the employee's work or creates an intimidating or offensive work environment. Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

Brown County IGA's employees are expected to personally ensure that their own conduct does not sexually harass other employees.

Brown County IGA will take disciplinary measures against those employees guilty of sexual harassment.

Should you have any complaints of discrimination, including sexual harassment, you can contact the EEOC at the address and telephone number given below.

_____    _____
Date                              Figgaziga, Inc., d/b/a Brown County IGA

**Questions concerning this notice may be addressed to:**

**Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone:  (317) 226-7212
EEOC 800 # 1-800-669-4000
TDD (317) 226-5162**

## APPENDIX B

## RELEASE

In consideration of the payment to me by Figgaziga, Inc., d/b/a Brown County IGA of $_____ and in consideration of the Consent Decree agreed to by the Equal Employment Opportunity Commission and Figgaziga, Inc., d/b/a Brown County IGA in Civil Action 1:05-CV-0529 SEB-VSS, entered by the Court on the _____ day of _____, 2005, of which this Release is a part, I, _____, hereby fully and forever release and discharge Figgaziga, Inc., d/b/a Brown County IGA, its successors and assigns, including its present and former directors, officers, employees and agents, from any claim or obligation based on alleged discrimination in violation of Title VII, which was or could have been raised in Civil Action No. 1:05-CV-0529 SEB-VSS.

I agree that I will be solely and individually responsible for paying any and all taxes (including FICA or otherwise) which may be due and owing, if any, as a result of Defendant's payment of the sum set forth above. I acknowledge that I have not relied on any representations made by Defendant or the EEOC relating in any way to the tax treatment of the payments pursuant to this agreement.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

IN WITNESS WHEREOF, this Release is signed and executed by me on the _____ day of _____, 2005.

_____
Name

County of            )
                     )SS
State of             )

      Subscribed and sworn to before me this _____ day of _____, 2005.

      _____
      Notary Public

County of Residence_____

My Commission Expires:_____

13